**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**Stacey D. Adams**<br>UNITED STATES MAGISTRATE JUDGE | FRANK R. LAUTENBERG U.S. POST OFFICE & COURTHOUSE BUILDING<br>2 FEDERAL SQUARE<br>NEWARK, NJ 07102<br>973-645-6121 |

December 5, 2025

**LETTER ORDER**

Re:   *Joseph Edward Florkevicz v. Ashley Kristen Curcio, et al.*
      Case No. 25-cv-2316 (SDW) (SDA)

Dear Parties and Counsel:

**THIS MATTER** comes before this Court on Plaintiff's Motion for Alternative Service (ECF No. 9), Corrected Motion for Alternative Service (ECF No. 18), and Motion for Extension of Time to Effectuate Service (ECF No. 33). Defendant Care Plus NJ, Inc. ("Care Plus") filed an opposition to Plaintiff's original Motion for Alternative Service (ECF No. 15). The Court decides these motions without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below Plaintiff's initial Motion for Alternative Service is **DENIED** as moot, Plaintiff's Corrected Motion for Alternative Service is **GRANTED**, and Plaintiff's Motion for Extension of Time to Effectuate Service is **GRANTED**.

**RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The following facts are gleaned from Plaintiff's Amended Complaint filed on August 27, 2025.[1] (ECF No. 40). Plaintiff brings this action against Ashley Kristen Curcio ("Curcio"), Care Plus, and Ashley Gerolstein ("Gerolstein") (collectively, "Defendants") alleging "serious

---

[1] Plaintiff's original complaint (ECF No. 1) contained more detailed factual information that was omitted from his Amended Complaint. For purposes of the instant application, the Court relies only on the facts as set forth in the Amended Complaint, which is the current operative pleading.

1

psychological, physical, and civil rights violations by individuals and institutions with a duty to protect him." (*Id.* at 1). Plaintiff alleges that Defendant Curcio acting in a professional capacity "engaged in sexual coercion, financial exploitation, psychological manipulation, and physical violence against the Plaintiff." (*Id.* at 2). Defendant Gerolstein served in a clinical supervisory role over Curcio, but failed to maintain professional standards and enabled abuse of Plaintiff through non-clinical practices such as astrology and tarot. (*Id.* at 2, 5). Plaintiff asserts that Care Plus had an institutional duty to protect him, "but failed by allowing Curcio unauthorized access and refusing to act on reports of abuse." (*Id.* at 2).

On April 3, 2025, Plaintiff, proceeding *pro se*, submitted his Complaint in this action, asserting claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Trafficking Victims Protection Act against Curcio, Care Plus and "Supervisor Ashley Jane Doe." (ECF No. 1). On April 8, 2025, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP"). (ECF No. 3). Plaintiff's Complaint was then filed on the docket on April 9, 2025 and the Court issued Plaintiff a USM-285 form to be completed and returned by Plaintiff so that service of process on the Defendants could be effectuated by a U.S. Marshal or a designee. The Court received completed USM-285 forms for Defendants Curcio and Care Plus and subsequently issued a summons. (ECF No. 5). Care Plus was served on April 14, 2025. (ECF No. 6). Service on Curcio could not be accomplished at the address provided in the USM-285, despite multiple attempts. (ECF No. 25).

Plaintiff filed his initial Motion for Alternative Service on June 6, 2025, which asks the Court to permit alternative service of process upon Curcio through her legal counsel, Daniel T. Lewbart, Esq., whom Plaintiff claims represents Curcio in a "related" state court matter proceeding involving the same parties in Bergen County Superior Court, docket number BER-L-5278-24.

2

(ECF No. 9).

On June 24, 2025, Care Plus, through its counsel, Daniel T. Lewbart, Esq., filed a letter in opposition to Plaintiff's Motion. (ECF No. 15). Lewbart explained that he does not represent Curcio in the state court action, she is represented by another law firm, and it would be a conflict of interest for his office to accept service on her behalf. (*Id.*).

In response to Mr. Lewbart's opposition, Plaintiff filed a Corrected Motion for Alternative Service, which seeks identical relief as in the initial motion, but removed the request to serve Mr. Lewbart and replaced it with John P. Morgenstern, Esq., whom Plaintiff claims is the correct attorney that represents Curcio in the state court action. (ECF No. 18). In his motion, Plaintiff explains that the reason he is seeking alternate service on Curcio is that the Court referred service to the U.S. Marshals, who have made repeated unsuccessful efforts to serve her. (*Id.* at 3). On July 7, 2025, the U.S. Marshals Service filed an Unexecuted Summons for Curcio. (ECF No. 25). The Summons details four failed endeavors by the U.S. Marshals Service to serve Curcio at an address in Morristown, New Jersey on April 15, 2025, April 21, 2025, May 12, 2025, and July 7, 2025. (*Id.*). On the July 7, 2025 attempt at service the U.S. Marshal also called both of Curcio's phone numbers and left messages with no reply. (*Id.*).

On August 11, 2025, Plaintiff filed a "Good Faith Service of Complaint," which includes a statement in which Plaintiff declared he served Curcio by certified mail with return receipt requested to her residence. (ECF No. 36). Plaintiff alleges that the mail clerk at Curcio's building accepted the delivery on August 1, 2025. (ECF No. 36-1 at 2). Plaintiff attached the receipt which indicates it was delivered to the "FRONT DESK/RECEPTION/MAIL ROOM" and someone signed for it. (ECF No. 36-2).

On August 4, 2025, Plaintiff filed a Motion for Extension of Time to Effectuate Service on

3

Curcio because the ninety-day window under Fed. R. Civ. P. 4(m) expired or was about to expire and he was still awaiting a decision on his Motions for Alternative Service. (ECF No. 33).

## LEGAL ANALYSIS

### I.  Legal Standard

Pursuant to Fed. R. Civ. P, 4(e):

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1).

As such, under Rule 4(e)(1), a plaintiff "may serve [d]efendants by following the New Jersey laws that govern the service of a summons and complaint in state court actions." *Guardian Life Ins. Co. of Am. v. Estate of Walter Matesic*, No. 16-cv-643, 2016 WL 3763340, at *2 (D.N.J. July 14, 2016). In New Jersey, as under the Federal Rules, a plaintiff may serve an individual defendant by causing a summons and complaint to be personally served, leaving a copy of the summons and complaint at the individual's dwelling place or usual place of abode, or by delivering a copy of the summons and complaint to a person authorized by appointment or by law to receive service on the individual's behalf. N.J. Ct. R. 4:4-4. Alternatively, "[s]ubstitute or constructive service [ ] is permitted when personal service within the state cannot be effected." *Argonaut-*

*Midwest Ins. Co. v. Colt Logistics Inc.*, No. 18-cv-11783, 2018 WL 6716104, at *2 (D.N.J. Dec. 20, 2018). "Regardless of the type of action, substitute or constructive service requires a demonstration of due diligence that satisfies the requirements specified in New Jersey Court Rule 4:4-5(b)." *Id.*; *see also* N.J. Ct. R. 4:4-5(a); 4:4-4(b)(1); 4:4-5(b).

"Diligence has no fixed standard." *Argonaut-Midwest*, 2018 WL 6716104 at *2 (citing *Modan v. Modan*, 327, N.J. Super. 44, 48 (App. Div. 2000)). "Instead, due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Guardian*, 2016 WL 3763340, at *2. Due diligence determinations, therefore, are a fact-sensitive inquiry in which "a plaintiff must demonstrate a good faith effort to search and find a defendant whose address is unknown, or who is allegedly evading service, before resorting to alternate means of substitute service." *Id.* (quoting *J.C. v. M.C.*, 438 N.J. Super. 325, 331 (N.J. Super. Ct. Ch. Div. 2013)); *Prudential Ins. Co. of Am. v. Holladay*, No. 07-cv-5471, 2008 WL 1925293, at *2 (D. N.J. Apr. 30, 2008). "If a diligent inquiry has been established and service cannot be made by any other method, a Court may order an alternative method of substituted service as long as it is 'consistent with due process of law.'" *Prudential*, 2008 WL 1925293 at *2 (citing N.J. Ct. R. 4:4-4(b)(3)); *see also Marlabs Inc. v. Jakher*, No. 07-cv-4074 (DMC) (MF), 2010 WL 1644041, at *3 (D.N.J. Apr. 22, 2010) (explaining that a proposed means of alternative service must comport with constitutional notions of due process). It is well-settled law that a proposed method of service must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

## II.     Plaintiff's Initial Motion for Alternative Service (ECF No. 9)

Both of Plaintiff's Motions for Alternative Service seek to serve Curcio through her counsel in a related state matter proceeding in Bergen County Superior Court. Plaintiff's initial motion (ECF No. 9) incorrectly identified Care Plus's counsel, Mr. Lewbart, as Curcio's counsel. Mr. Lewbart filed an opposition explaining he did not represent Curcio and could not accept service on her behalf. (ECF No. 15). Plaintiff filed a "Corrected" Motion for Alternative Service seeking identical relief as the initial motion but replacing Curcio's counsel's name with Mr. Morgenstern, who filed a Notice of Appearance on behalf of Curcio in the related state matter. (ECF No. 18). Accordingly, the Court DENIES Plaintiff's initial Motion for Alternate Service (ECF No. 9) as MOOT because it has been corrected by the motion filed at ECF No. 18.

## III.     Plaintiff's Corrected Motion for Alternative Service (ECF No. 18)

Plaintiff's corrected motion seeks to effectuate service on Curcio through her counsel, Mr. Morgenstern. Here, the Court is satisfied that Plaintiff has made a good faith, diligent, and determined effort to effect service on Curcio. The U.S. Marshals Service made efforts to personally serve Curcio on four separate occasions at her residence to no avail. (ECF No. 25). Further, Plaintiff attempted to send Curcio the Complaint via certified mail. (ECF No. 36). Based on the repeated unsuccessful attempts, it appears that Curcio may be attempting to evade service. The Court recognizes that Plaintiff, proceeding *pro se* and IFP, has limited resources and is likely unable to afford a process server or a private investigator to locate Curcio. *See Modan*, 327 N.J. Super at 48 ("due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant"). Additionally, "due diligence does not require a plaintiff to 'take every conceivable action' to locate a defendant." *Grange Ins. Co. v. Hankin*, No. 21-cv-11928 (MCA) (AME), 2022 WL 855694, at *3 (D.N.J. Mar. 23, 2022) (quotation and citation

omitted). The Court finds that Plaintiff, through the U.S. Marshals Service and his own individual efforts, has conducted his due diligence to personally serve Curcio.

Having found that Plaintiff has demonstrated a diligent inquiry and effort to locate and serve Curcio, the Court turns to evaluate whether the alternative means of service proposed by Plaintiff comports with due process. In the related state court case, Mr. Morgenstern has made several filings on behalf of Curcio including a notice of appearance, motions, correspondence, an acknowledgment of service, and most recently filed an amended answer on June 25, 2025. The related state court docket demonstrates a standing and ongoing attorney-client relationship between Mr. Morgenstern and Curcio. Providing Mr. Morgenstern with a copy of the Amended Complaint in this action, with instructions that he transmit it forthwith to Curcio, would be reasonably calculated to give Curcio adequate notice that she has been named as a defendant in this litigation and afford Curcio an opportunity to defend against the claims. *See Grange*, 2022 WL 855694, at *4 (service by certified mail and email to the defendant's known counsel satisfied due process). Thus, the Court finds that the alternative service proposed by Plaintiff, permitting service on Curcio by serving her attorney in another matter, complies with due process. Plaintiff shall effectuate service on Curcio by serving the summons and complaint on Mr. Morgenstern via regular and certified mail and email.

### IV.     Plaintiff's Motion for an Extension of Time to Effectuate Service (ECF No. 33)

Plaintiff also requests that the Court extend the time to serve Curcio, once his request for alternate service is addressed. (ECF No. 33). Fed. R. Civ. P. 4(m) prescribes that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the

failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

In determining whether to extend the time for service, the Court makes a two-step inquiry. *See Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997). First, the Court "determines whether good cause exists for a plaintiff's failure to effect timely service. If good cause exists, the extension must be granted." *Id.* (citations omitted). However, "[i]f good cause does not exist, the district court must consider whether to grant a discretionary extension of time." *Id.* For the first step of the inquiry, examining whether good cause exists, the Court focuses primarily on the plaintiff's noncompliance with the time limit for effecting service. *Id.* (citations omitted). Good cause exists where a plaintiff demonstrates "some reasonable basis for noncompliance with the time specified in the rules." *H.D. Smith, LLC v. Prime Rite Corp.*, No. 16-cv-294, 2016 WL 3606785, at *3 (D.N.J. July 5, 2016) (citations omitted).

Here, the Court finds that good cause exists to enlarge the time to serve Curcio. Plaintiff, proceeding *pro se* and IFP, has made a diligent effort to serve Curcio through both the U.S. Marshals Service and individually through certified mail. Plaintiff promptly returned the completed USM-285 form. After four failed attempts at service, Plaintiff promptly filed a request for alternate service. (ECF Nos. 9, 18). Plaintiff avers that Curcio maintains several residences, thereby complicating service. Mr. Morgenstern is actively representing Curcio in a state court matter. Plaintiff needs to enlarge the 90 day window for service while awaiting a decision from the Court on his request for alternate service. Accordingly, the Court finds good cause to extend Plaintiff's time to effectuate service, for an additional 45 days from the date of this Order.

## **CONCLUSION**

Plaintiff's initial Motion for Alternative Service (ECF No. 9) is DENIED as moot. Plaintiff's Corrected Motion for Alternative Service (ECF No. 18) is GRANTED. Plaintiff is

authorized to effectuate service on Curcio's attorney, Mr. Morgenstern, via regular and certified mail and email. Plaintiff's Motion for Extension of Time to Effectuate Service (ECF No. 33) is GRANTED. Plaintiff shall have 45 days from the date of this Order to effectuate service.

## ORDER

**IT IS** on this **5th** day of **December, 2025** hereby:

1. **ORDERED** that Plaintiff's initial Motion for Alternative Service at ECF No. 9 is **DENIED** as moot; and it is further

2. **ORDERED** that Plaintiff's Corrected Motion for Alternative Service at ECF No. 18 is **GRANTED**; and it is further

3. **ORDERED** that Plaintiff's Motion for Extension of Time to Effectuate Service at ECF No. 33 is **GRANTED**; and it is further

4. **ORDERED** that the Court authorizes service of process on Defendant Ashley Kristen Curcio by delivering the Summons and the Amended Complaint to attorney John P. Morgenstern, of the law firm O'Hagan Meyer, by regular mail, certified mail, and email at jmorgenstern@ohaganmeyer.com within 45 days of the date of this Order, or by **January 19, 2026**; and it is further

5. **ORDERED** that Plaintiff shall provide Mr. Morgenstern with a copy of this Order with such service; and it is further

6. **ORDERED** that Plaintiff shall file proof of service on the docket within seven days of effecting service on Curcio, as authorized by this Order; and it is further

7.  **ORDERED** that the Clerk of the Court shall terminate the motions at ECF Nos. 9, 18 and 33.

                                                                     */s/ Stacey D. Adams*
                                                                      Hon. Stacey D. Adams
                                                                      United States Magistrate Judge