NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JOSEPH EDWARD FLORKEVICZ, <br><br> Plaintiff, <br><br> v. <br><br> ASHLEY KRISTEN CURCIO, *et al.*, <br><br> Defendants. | Civil Action No. 25-2316 (SDW) (SDA) <br><br> **WHEREAS OPINION** <br><br> May 19, 2026 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Defendants[1] Ashley Kristen Curcio ("Curcio") and Care Plus New Jersey Inc.'s ("Care Plus") (collectively, "Defendants") Motions to Dismiss (D.E. 41, 47 ("Motions"))[2] *pro se* Plaintiff Joseph Edward Florkevicz's ("Plaintiff") Amended Complaint (D.E. 40 ("AC")), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6); and

**WHEREAS** New Jersey's entire controversy doctrine requires that a legal dispute be resolved in a single action in a single court, requiring all parties to assert all claim and defenses arising from the same underlying controversy in that case. *Shibles v. Bank of Am., N.A.*, 730 F.

---

[1] A third Defendant, Ashley Gerolstein ("Gerolstein"), has not been served and has not participated in this case. Gerolstein is named as "Supervisor Ashley" in the State Court Complaint as Plaintiff did not know her last name.

[2] Although each Defendant filed a separate Motion to Dismiss, this Court will refer to the Motions collectively because the grounds for dismissal apply equally to both Defendants.

1

App'x 103, 106 (3d Cir. 2018) (quoting *Wadeer v. New Jersey Mfrs. Ins. Co.*, 110 A.3d 19, 27 (N.J. 2015)). Designed to promote comprehensive and final resolution of disputes and advance judicial efficiency, the doctrine "applies in federal courts when there [is] a previous state-court action involving the same transaction." *Hulmes v. Honda Motor Co.*, 924 F. Supp. 673, 679 (D.N.J. 1996) (quoting *Mystic Isle Dev. Corp. v. Perskie & Nehmad*, 662 A.2d 523, 529 (N.J. 1995)); *Ricketti v. Barry*, 775 F.3d 611, 613 (3d Cir. 2015) (citing *Bennun v. Rutgers State Univ.*, 941 F.2d 154, 163 (3d Cir. 1991)). Even where a subsequent action asserts federal causes of action, the doctrine bars those claims if they could have been raised in the prior state-court proceeding. *Murray v. Crystex Composites, LLC*, 618 F. Supp. 2d 352, 357 (D.N.J. 2009) (quoting *In re Mullarkey*, 536 F.3d 215, 229 (3d Cir. 2008)).

**WHEREAS** when the entire controversy doctrine is "apparent on the face of the complaint", the court may consider it as a basis for dismissal for a motion to dismiss. *Rycoline Prods., Inc. v. C & W Unlimited,* 109 F.3d 883, 886 (3d Cir. 1997) (quoting *Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)).

**WHEREAS** here, the entire controversy bar is apparent on the face of the Amended Complaint, as it acknowledges that "some facts overlap with a prior state court matter." (AC ¶ 2.) In fact, Plaintiff is already prosecuting an ongoing State Court action that is nearly identical to this matter[3]. On September 12, 2024, Plaintiff filed his initial complaint in the Superior Court of New Jersey, Bergen County, which has been amended multiple times, culminating in the currently operative State Court Complaint filed on February 28, 2025. (D.E. 47-1 at 9; Def.'s Ex. A (D.E.

---

[3] On February 10, 2026, Plaintiff filed a copy of the Superior Court's Order to supplement the procedural history and clarify the status of the parallel State proceedings. (D.E. 49-1.) The Superior Court stayed the civil litigation and discovery in Plaintiff's State Case through June 8, 2026, pending resolution of the criminal complaint against Curcio. (*Id.*) This submission does not change this Court's analysis as the entire controversy doctrine remains applicable.

47-4.))  On April 3, 2025—nearly seven months after initiating the State Court action—Plaintiff filed this action.  (*See* D.E. 1.)  Both cases arise from the same core allegations:  an inappropriate therapist-patient relationship between Plaintiff, a patient at Care Plus, and Curcio, a therapist intern, resulting in psychological and physical harm.  (D.E. 47-1 at 14.)  Although Plaintiff contends the matters are distinct because this action asserts federal claims, the two cases involve the same operative facts and parties.  (*Id.*; D.E. 48 at 5–6.)  Plaintiff's federal claims asserted here also could have been brought in the State Court action.  Thus, this case is barred by the entire controversy doctrine and fails to state a claim upon which relief can be granted.

Defendants' Motions to Dismiss are **GRANTED WITH PREJUDICE**.  This case shall be closed.  An appropriate order follows.

_____/s/ Susan D. Wigenton_____<br>
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk<br>
cc:      Parties<br>
          Stacey D. Adams, U.S.M.J.