**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH EDWARD FLORKEVICZ,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY KRISTEN CURCIO, *et al.*,<br><br>Defendants. | Civil Action No. 25-2316 (SDW) (SDA)<br><br>**WHEREAS OPINION**<br><br>September 2, 2026 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Joseph Edward Florkevicz's ("Plaintiff") Motion for Reconsideration (D.E. 58 (the "Motion")), pursuant to Federal Rule of Civil Procedure ("Rule") 59(e) and Local Civil Rule 7.1(i); and

**WHEREAS** "[t]he purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration has merit only when the movant shows "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct [a] clear error of law or prevent manifest injustice." *Id.* (quoting *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); and

**WHEREAS** although the Third Circuit has "never adopted strict or precise definitions for 'clear error of law or fact' and 'manifest injustice,'" it has suggested "there is substantial, if not

complete, overlap between the two concepts," with the focus being "on the gravity and overtness of the error." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311–12 (3d Cir. 2018). A litigant "must show more than mere disagreement with [an] earlier ruling," he or she must show a "direct, obvious, [or] observable error," and "one that is of at least some importance to the larger proceedings." *Id.* at 312 (quoting *Manifest Injustice*, Black's Law Dictionary (10th ed. 2014)). *Cf. Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) ("A court commits clear error of law 'only if the record cannot support the findings that led to the ruling.'" (quoting *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010)); and

**WHEREAS** motions for reconsideration are "extremely limited procedural vehicle(s)" that are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013); and

**WHEREAS** Plaintiff's Motion must be denied because it fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its order, or an error of fact or law that, if left uncorrected, would result in manifest injustice. Plaintiff cites *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883 (3d Cir. 1997) to argue that the entire controversy doctrine does not bar this federal action because his Superior Court matter has not been fully adjudicated. (D.E. 58 at 13–14.) However, a motion for reconsideration is not a vehicle to raise new arguments or present evidence that could have been raised earlier, and courts generally refrain from considering new legal arguments raised for the first time on reconsideration. *Red Roof Franchising LLC, Inc. v. AA Hosp. Northshore, LLC*, 937 F. Supp. 2d 537, 543 (D.N.J. 2013); *D'Argenzio v. Bank of Am. Corp.*, 877 F. Supp. 2d 202, 210 (D.N.J. 2012). Plaintiff could have raised his *Rycoline* argument earlier because the entire controversy doctrine was invoked at the

motion to dismiss stage but failed to do so. Accordingly, this Court will refrain from addressing this new argument as Plaintiff has failed to carry his burden of establishing that he is entitled to relief under a motion for reconsideration; therefore,

Plaintiff's Motion is **DENIED**. This case shall remain closed. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
Stacey D. Adams, U.S.M.J.